SAMUEL COOLING and SECURITY TRUST COMPANY, a corporation of the State of Delaware, surviving executors of the Last Will and Testament of Severson B. Cooling, Deceased, and SECURITY TRUST COMPANY, a corporation aforesaid, Administrator C. T. A. of the estate of Charles B. Evans, Deceased, and FANNY PUSY MENDINHALL and ROBERT CRAIG GREENE, executors of the Last Will and Testament of John J. Mendinhall, Deceased, and SECURITY TRUST COMPANY, a corporation aforesaid, executor of the Last Will and Testament of Alfred Victor Hughes, Deceased, Plaintiffs, v. HAROLD L. SPRINGER and WILLARD SPRINGER, JR., executors of the Last Will and Testament of Willard Springer, Deceased, Defendants.

*(June 1, 1942.)*

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Harold B. Howard* (of Hering, Morris, James and Hitchens) for the plaintiffs.

*Logan and Duffy* for the defendants.

Superior Court for New Castle County, March Term, 1942.

LAYTON, Chief Justice:

The plaintiffs have demurred specially to certain pleas to the first count of the declaration. The count charged that on January 17, 1928, Severson B. Cooling, Charles B. Evans, John M. Mendinhall, Willard Springer and Alfred Victor Hughes, all of whom are deceased, entered into a written contract of guaranty with Union National Bank. A copy of the contract was attached as an exhibit, and it appears that on January 17, 1928, the above-named persons, in consideration of the purchase or discount by the bank of a certain promissory note of E. M. Records & Company, Inc., dated

the same day, for the payment of $30,000, three months from date, jointly and severally, guaranteed the payment of the note at maturity, or if the same should be extended or renewed, jointly and severally, guaranteed the payment of any such extensions or renewals thereof, at the time when the same should become due and payable; and the guarantors also waived notice of the purchase or discount of the note, of acceptance of the guaranty, and of notice of any extensions or renewals of the note.

The count then alleged that on March 21, 1940, the plaintiffs were called on by the bank to pay, and did pay to it, a certain sum of money, being the balance of the principal and interest, "then due upon certain extensions renewals of the said note"; and, that, on March 28, 1940, the plaintiffs made demand on the defendants to contribute the one-fifth part of the amount of the payments made by them, but their demand was refused.

The fourth plea alleged that when the plaintiffs made the payment to the bank, they had knowledge of a good and sufficient legal defense to the demand, in that they knew or should have known that the note had not been paid at maturity, and that any cause of action on the contract of guaranty had accrued on April 18, 1928; that more than six years had elapsed prior to the payment to the bank made on March 21, 1940, and that the plaintiffs knew, or should have known, that the statute of limitations could have been pleaded to any action by the bank; wherefore the payment by the plaintiffs was their voluntary act, and the estate of the deceased defendant was not liable for contribution.

The fifth plea alleged that more than six years had elapsed from the maturity date of the note before any extension or renewal of the note was executed or any payment made thereon, whereby the statute of limitations was a defense, and the guarantors became and were discharged from

any liability under their contract of guaranty; wherefore, the payment to the bank by the plaintiffs was their voluntary act, and the defendant's estate was not liable for contribution.

The special demurrers raise the questions whether the statute could have been effectively pleaded by the guarantors under the contract of guaranty of extensions and renewals of the note; and whether the defendants were not liable for contribution even though action on the contract was barred by the statute.

The questions raised are important and interesting, but they are not now to be decided. The demurrer to the pleas opens the record, and, under the familiar rule, the count of the declaration must be examined to ascertain whether a cause of action for contribution is alleged.

To entitle one co-obligor to contribution from another, payment by him must be compulsory in the sense that he must have been under a legal obligation to pay. The declaration must, of course, conform to the general rule of pleading which requires the allegation of all facts necessary to constitute the cause of action. 13 *Am. Jur.* 17, 93.

The count alleges that certain persons entered into the contract of guaranty on January 17, 1928; and that on March 21, 1940, over twelve years thereafter, the plaintiffs "were called upon by said Union National Bank to pay, and thereupon did pay to it the balance of the principal then due upon certain extensions renewals of the said note". In the plaintiffs' brief of argument the language of the count is quoted as though it read "extensions and renewals", and we accept the language in that sense. It appears, then, that as between the holder of the note and the principal debtor there were both extensions of the time of payment of the original note; and renewals of the original note over a long period. It is true that the contract of guaranty embraced

both extensions and renewals; but the effect of an extension of time of payment and the effect of giving a renewal note are not always the same. An agreement to extend the time of the payment of a negotiable note must possess all of the elements essential to the execution of a contract, and must be supported by a good and sufficient consideration. 8 *Am. Jur.* 32. While there is a conflict of opinion as to the effect upon the original note or debt represented by it by the giving of a renewal note, the true rule would seem to be that the intent of the parties determines whether the old note was discharged by way of payment or novation, or whether the time of payment of the old note was merely extended. 8 *Am. Jur.* 443 *et seq.* Whatever the facts may be with respect to extensions and renewals of the original note, they are not averred; and in view of the lapse of time disclosed between the giving of the guaranty contract and the payment by the plaintiffs who seek contribution, we are of opinion that it is not sufficient merely to allege the payment of an amount due upon certain extensions and renewals of the original note. If the original note was extended, or if renewal notes extending the time of payment were regularly made, the facts should be alleged not only for the benefit of the defendant, but of the Court. If, as it seems, the liability of the defendants is dependent upon a correct determination of a question of law, the question should be properly presented and considered now rather than in the course of a trial.

 Of much greater importance, however, is the fact that there is no allegation that the plaintiffs paid under compulsion. All that is alleged is that they were called on to pay and did pay. It is not alleged that the plaintiffs were compelled or obliged in law to make the payment alleged, nor are there facts alleged from which the legal conclusion can be deduced that an enforceable legal obligation existed against the plaintiffs. These are fatal omissions. 13 *Am.*

*Jur.* 93; *Case v. McKinnis,* 107 Or. 223, 213 P. 422, 32 A.L.R. 167.

The count of the declaration does not disclose a cause of action for contribution, and judgment must be for the defendants on the demurrer.